***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY R. ROSE, et al., | |
| Plaintiffs, | Civil Action No. 14-1738 (CCC) |
| v. | **OPINION** |
| ALFARO ORTIZ, et al., | |
| Defendants. | |

**CECCHI, District Judge:**

*Pro se* Plaintiff Troy R. Rose, confined at the Essex County Correctional Facility in Newark, New Jersey, files the instant Complaint pursuant to 28 U.S.C. § 1983, alleging various violations of constitutional rights. Presently before the Court is a Motion to Dismiss by all named defendants ("Motion") seeking to dismiss all claims against them.[1] (ECF No. 13.) For reasons stated below, the Court grants the Motion, and dismisses the Complaint for failure to state a claim upon which relief may be granted.

## I.   FACTUAL BACKGROUND

In the Complaint, Plaintiff purports to bring his claims as a class action on behalf of the entire inmate population of the Essex County Correctional Facility, "from January 1 to January 28, 2014, and two years prior." (ECF No. 1 at 2.) Plaintiff alleges violations of the inmates' constitutional rights arising from "unconstitutional lock-downs," "unconstitutional lock-ins," and inadequate library space, legal and reading materials, legal assistance, clothing, and facilities for

---

[1]   Plaintiff also assert claims against various other unnamed defendants.

religious observance, among other alleged violations. (See ECF No. 1 at 6–11). The Complaint does not specify, however, whether Plaintiff himself suffered these violations.

## II. STANDARD OF REVIEW

### A. Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. City of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

### B. Liberal Pleading Standard for *Pro Se* Litigants

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines*, 404 U.S. at 520-21);

2

*Bacon v. Minner*, 229 Fed. App'x 96, 100 (3d Cir. 2007).

### C. DISCUSSION

#### A. Class Action

Rule 23 of the Federal Rules of Civil Procedure requires that in order for a plaintiff to obtain class action certification, four elements must be satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a). A *pro se* plaintiff may not represent the interests of his fellow inmates in a class action. *See, e.g., Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."); *Alexander v. N.J. State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." (citation omitted)); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action.") (citations omitted)). Therefore, Plaintiff's purported class action claims on behalf of his fellow inmates fail to state a claim on which relief can be granted.

#### B. Individual Claims

Although Plaintiff may not maintain the instant action as a class action, Plaintiff is still entitled to assert claims on behalf of himself. However, his Complaint fails to state a claim upon which relief can be granted because it asserts no claims related to Plaintiff himself. *See Hollingsworth v. Perry*, 133 S.Ct. 2652, 2662 (2013) ("To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'" (citation omitted)). Specifically,

Plaintiff does not allege he was denied access to the courts on any of his own cases, that his own liberty was unconstitutionally deprived, that he received inadequate medical care, or that his own conditions of confinement were so deplorable as to establish a constitutional violation. At best, Plaintiff's allegations amount to generalized grievances, which are insufficient to state a claim. *See id.* ("[A] 'generalized grievance,' no matter how sincere, is insufficient to confer standing."). Therefore, the Court grants the Motion, and dismisses the Complaint for failure to state a claim upon which relief may be granted.

However, the Court will give Plaintiff thirty (30) days to amend the Complaint to assert individualized claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"). In order to state a claim, the amended complaint must provide the specific details of any violation(s) Plaintiff suffered personally. *See Badia v. Warden, HCCC*, No. 10-5662, 2011 WL 221709, at *3 (D.N.J. Jan. 19, 2011) (noting a § 1983 complaint should specify "the who, what, when, where, and how: the first paragraph of any newspaper story").

## D.   CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion and dismisses the Complaint without prejudice. Plaintiff shall have thirty (30) days to amend the Complaint.

**Claire C. Cecchi, U.S.D.J.**

Dated: December 16, 2015